# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| THE ADVOCACY FOR CONSUMER RIGHTS LLC, a.k.a TAFCR, a Nevada limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>STEVE RHODE; JOHN DOES I-X; JANE DOES I-X; ABC PARTNERSHIPS I-X; DEF LIMITED LIABILITY COMPANIES I-X; and XYZ CORPORATIONS I-X,<br><br>Defendants. | **VERIFIED COMPLAINT AND APPLICATION FOR INJUNCTIVE RELIEF** |

Plaintiff, by and through counsel, and files this Verified Complaint for Damages and Injunctive Relief, showing the Court as follows:

**PARTIES, JURISDICTION AND VENUE**

1. The Advocacy for Consumer Rights LLC ("TAFCR" or "Plaintiff") is a Nevada limited liability company with its principal place of business in Arizona and is a citizen of the State of Arizona as well as the State of Nevada within the meaning and intent of 28 U.S.C. § 1332.

2. The sole member and manager of Plaintiff, Amanda Hunter, maintains a primary residence in Lake Havasu City, Arizona and is a citizen of the State of Arizona within the meaning and intent of 28 U.S.C. § 1332.

3. Defendant Steve Rhode ("Defendant") is a citizen and resident of Wake County,

1

North Carolina within the meaning and intent of 28 U.S.C. § 1332.

4. Defendant is a resident of North Carolina and is therefore subject to general personal jurisdiction of the courts located in the State of North Carolina.

5. The Court has diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332 because Plaintiff and Defendant are residents of different states and the amount in controversy in this case exceeds the sum or value of $75,000.00, exclusive of interest and costs.

6. Plaintiff is informed and believes, and on that basis alleges, that Defendant's tortious actions, upon which the allegations in this Complaint are based, were taken in North Carolina.

7. Venue is proper in this judicial district under 28 U.S.C. §§ 1391(b)(1) because of the Defendant's location, as well as 1391(b)(2) given that a substantial part of the events giving rise to the claim occurred in this judicial district.

8. JOHN and JANE DOES 1-10 are fictitious persons who may have an interest herein. ABC PARTNERSHIPS 1-10; XYZ CORPORATIONS 1-10; and DEF LIMITED LIABILITY COMPANIES 1-10 are fictitious entities who may have an interest herein. At such time as the true name of said fictitious persons and/or entities become known to Plaintiffs, Plaintiffs may amend their pleadings to reflect same.

9. Upon information and belief, jurisdiction and venue are proper in this Court.

**FACTS**

10. All of the allegations contained within the paragraphs above and below are hereby incorporated by reference as if fully set out herein.

11. TAFCR offers services to consumers who may have experienced problems with creditors or mortgage servicer issues.

12. Defendant posted false statements on the Internet, at http://getoutofdebt.org/51516/is-the-advocacy-for-consumer-rights-and-chad-pratt-a-scam-will, stating that "IS THE ADOVACY OF CONSUMER RIGHTS AND CHAD PRATT A SCAM? – WILL"; stating that it is "odd" that TAFCR is a Nevada company; stating that TAFCR "is a front end marketing group that sends out advertisements and refers people to other firms"; implying that TAFCR is a scam; and making a variety of other untrue and damaging statements aimed at Plaintiffs (collectively the "False Statements"). The False Statements have been attached to **Exhibit "A"** hereto.

13. Defendant also posted false statements on the Internet, at http://getoutofdebt.org/60957/the-advocacy-for-consumer-rights-says-i-have-a-good-case-against-wells-fargo-tina, stating that TAFCR's program is a conspiracy to get people with mortgage fraud cases to believe they are a victim and implying that TAFCR is a scam. The False Statements have been attached to **Exhibit "B"** hereto.

14. Defendant also posted defamatory and/or copyrighted material on the following websites:

   A. http://cdn.getoutofdebt.org/wp-content/uploads/2013/08/mortgage_fraud_faq_new.pdf

   B. http://cdn.getoutofdebt.org/wp-content/uploads/2013/08/whistleblower_new.pdf

   C. http://uk.passfail.com/blogs/get-out-of-debt/the-advocacy-for-consumer-rights-says-i-have-a-good-case-against-wells-fargo-a-tina/the-advocacy-for-consumer-rights-says-i-have-a-good-case-against-wells-fargo-a-tina-10609753.htm

   D. http://www.consumer-debt-news.net/consumer-debt-settlement/the-advocacy-for-consumer-rights-says-i-have-a-good-case.html

E. http://cdn3.getoutofdebt.org/wp-content/uploads/2013/04/Contact-TAFCR.org_new.pdf

F. http://cdn.getoutofdebt.org/wp-content/uploads/2013/04/TAFCR.org_new.pdf

G. http://cdn.getoutofdebt.org/wp-content/uploads/2013/04/TAFCR.org_new.pdf

H. http://getoutofdebt.org/tag/chad-pratt/

I. http://getoutofdebt.org/tag/the-advocacy-for-consumer-rights/

15. Plaintiff has invested substantial time and money into building and promoting its business, including advertisements throughout the World via the Internet and its websites.

16. As a result of the advertising and expenditures described, Plaintiff has established considerable goodwill in its name and business, which is an invaluable asset of substantial worth to the Plaintiff.

17. Upon information and belief, Defendant has chosen to publish untruthful, misleading, unfair and deceptive or defamatory statements about Plaintiff, or is a competitor of the Plaintiff and has engaged in the acts above for the purposes of increasing its visibility by trading off of the goodwill of the Plaintiff and falsely denigrating Plaintiff's services to create an unfair competitive advantage in its favor.

18. Specifically, Defendant intentionally optimizes pages and uses search engine optimization techniques so that the False Statements set forth herein would be read, and were actually read, by existing and prospective customers of the Plaintiff.

19. Upon information and belief, Defendant obtains revenue from driving traffic to its website including advertising fees, affiliate income, and compensation for referrals.

20. The False Statements misrepresent the nature, characteristics, and commercial activities of the Plaintiff and were made to intentionally misrepresent the Plaintiff.

4

21. As a result of the misrepresentations, Plaintiff has lost customers and Defendant has gained substantial revenues because of these losses.

22. Defendant targeted Plaintiff in order to interfere with its business, and Plaintiff has lost at least 14 clients because of the False Statements.

23. Defendant's actions were malicious, intentional, oppressive, outrageous, and evidence a complete callous disregard for the rights of Plaintiff.

## COUNT I – DEFAMATION AND DEFAMATION PER SE

24. All of the allegations contained within the paragraphs above and below are hereby incorporated by reference as if fully set out herein.

25. In making and publishing the False Statements, Defendant has caused the unprivileged publication of false and defamatory statements to third parties.

26. The False Statements are about and concerning Plaintiff.

27. Defendant communicated the False Statements to third parties via the Internet and/or intentionally made such statements on the Internet accessible to third parties without password protection.

28. The False Statements are and would be highly offensive to a reasonable person and have been published to third parties with the apparent intent of causing harm to the reputation and economic interests of Plaintiff.

29. In making and publishing the False Statements, Defendant had knowledge of or acted in reckless disregard as to the falsity of the False Statements and the false light in which Plaintiff would be placed.

30. As a direct and proximate result of Defendant posting the False Statements, Plaintiff has sustained, and will continue to sustain, immediate and irreparable harm and injury

5

including, but not limited to, damage to reputation, losses in revenues, loss of profits, loss of goodwill, loss of business relations with existing and future business prospects, and loss of competitive business advantage, opportunity, and/or expectancy.

31. The False Statements made by Defendant impeach the honesty, integrity or reputation of Plaintiff.

32. The False Statements made by Defendant constitute defamation *per se* and general damages are presumed as a matter of law.

33. Defendant's actions are ongoing and continuous, and are being committed with the required intent for defamation per se under the laws of North Carolina.

34. Plaintiff has suffered general damages in excess of $75,000.

35. Plaintiff has suffered special damages in excess of $75,000 as a result of Defendant's conduct, including, but not limited to: (i) loss of business by actual customers who have viewed and/or will view the website, and then declined to do business with Plaintiff, which in turn resulted in lost profits; (ii) impairing Plaintiff's own advertising campaigns or causing them to be ineffective, which in turn has damaged Plaintiff's opportunity for new business and resulted in lost profits and benefits derived therefrom; (iii) impairing Plaintiff's ability to enter into agreements with individuals and third parties; and (iv) other means currently unknown to Plaintiff.

36. In making and publishing the False Statements, Defendant acted maliciously, willfully, wantonly, and unlawfully.

37. For such willful and malicious acts, Plaintiff hereby seeks punitive damages in addition to actual damages.

38. Defendant's acts, omissions, conduct and transactions alleged herein were

aggravated, outrageous, and guided by evil motives wherein Defendant intended to harm Plaintiff and/or consciously pursued a course of conduct knowing that it created a substantial risk of significant harm to Plaintiff.

39. To dissuade Defendant from pursuing a similar course of conduct in the future and to discourage other persons from similar conduct in the future, an award of punitive damages should be awarded against Defendant in the sum of sufficient magnitude to punish Defendant and to deter similar conduct by others.

**COUNT II – APPLICATION FOR PRELIMINARY AND PERMANENT INJUNCTION**

40. All of the allegations contained within the paragraphs above and below are hereby incorporated by reference as if fully set out herein.

41. As a direct and proximate result of Defendant posting the False Statements, Plaintiff has sustained, and will continue to sustain, immediate and irreparable harm and injury including, but not limited to, damage to reputation, losses in revenues, loss of profits, loss of goodwill, loss of business relations with existing and future business prospects, and loss of competitive business advantage, opportunity, and/or expectancy.

42. The False Statements made by Defendant impeach the honesty, integrity or reputation of Plaintiff, Plaintiff's business, and Plaintiff's services.

43. The False Statements are defamatory on their face.

44. There is a substantial risk that unless Defendant's wrongful acts described herein are temporarily, preliminarily, and/or permanently enjoined, Defendant will continue to irreparably injure Plaintiff.

45. Plaintiff has no adequate remedy at law; therefore, Plaintiff is entitled to injunctive relief.

# COUNT III – TORTIOUS INTERFERENCE WITH CURRENT AND PROSPECTIVE BUSINESS RELATIONSHIPS

46. All of the allegations contained within the paragraphs above and below are hereby incorporated by reference as if fully set out herein.

47. Plaintiff has existing business relationships with clients and other persons relating to its business.

48. Plaintiff has a reasonable expectation of future business relationships with existing colleagues, prospective clients and employees, and others with whom Plaintiff does business or with whom Plaintiff may reasonably expect to do business. This expectancy is based, in part, on the considerable time, energy, and resources it takes to develop the goodwill and reputation associated with Plaintiff's reputation.

49. At all material times hereto, Defendant was aware of Plaintiff's existing and/or prospective business relationships.

50. As described herein, Defendant intentionally and/or purposefully interfered with Plaintiff's existing and prospective relationships by unlawfully making the False Statements.

51. Defendant communicated the False Statements to third parties via the Internet and/or intentionally made such statements on the Internet accessible to third parties without password protection.

52. As a direct and proximate result of Defendant posting the False Statements, Plaintiff has sustained, and will continue to sustain, immediate and irreparable harm and injury including, but not limited to, actual loss of customers, damage to reputation, losses in revenues, loss of profits, loss of goodwill, loss of business relations with existing and future business prospects, and loss of competitive business advantage, opportunity, and/or expectancy.

53. Defendant's conduct was intentional, malicious and done for the purpose of

causing injury to Plaintiff.

54. For such willful and malicious acts, Plaintiff hereby seeks punitive damages in addition to actual damages.

55. Defendant's acts, omissions, conduct and transactions alleged herein were aggravated, outrageous, and guided by evil motives wherein Defendant intended to harm Plaintiff and/or consciously pursued a course of conduct knowing that it created a substantial risk of significant harm to Plaintiff.

56. To dissuade Defendant from pursuing a similar course of conduct in the future and to discourage other persons from similar conduct in the future, an award of punitive damages should be awarded against Defendant in the sum of sufficient magnitude to punish Defendant and to deter similar conduct by others.

**COUNT IV –
VIOLATION OF NORTH CAROLINA UNFAIR AND DECEPTIVE TRADE PRACTICES ACT**

57. All of the allegations contained within the paragraphs above and below are hereby incorporated by reference as if fully set out herein.

58. This claim arises under N.C.G.S. § 75-1.1.

59. The State of North Carolina has a compelling interest in ensuring all persons and entities doing business in North Carolina fully comply with the laws of the State.

60. Plaintiff relies upon its reputation in promoting its services to potential customers.

9

61. Defendant has published False Statements about Plaintiff to third parties in order to compete with them as alleged herein.

62. Upon information and belief, the conduct complained of is a deceptive trade practice as Defendant has knowingly (i) made unfair and deceptive statements about Plaintiff and its services to others on the internet; (ii) disparaged Plaintiff and its services; (iii) and failed to disclose material information concerning Plaintiff's services which information was known to Defendant and which failure was intended to induce consumers to enter into transactions with Defendant and/or third parties so that Defendant would derive a benefit from such transactions.

63. The actions complained of by Plaintiff have, and are occurring, on and/or in connection with Defendant's website/business, and Defendant continues to engage in these actions knowingly, willfully, and deliberately.

64. Plaintiff has been directly and proximately injured by Defendant's conduct in violation of Plaintiff's rights under N.C.G.S. § 75-1.1.

65. Plaintiff has suffered special damages in excess of $75,000 as a result of Defendant's conduct, including, but not limited to: (i) loss of business by actual customers who have viewed and/or will view the website, and then declined to do business with Plaintiff, which in turn resulted in lost profits; (ii) impairing Plaintiff's own advertising campaigns or causing them to be ineffective, which in turn has damaged Plaintiff's opportunity for new business and resulted in lost profits and benefits derived therefrom; (iii) impairing Plaintiff's ability to enter into agreements with individuals and third parties; and (iv) other means currently unknown to Plaintiff.

66. Pursuant to N.C.G.S. § 75-16, Plaintiff is entitled to treble the amount of actual damages proven and awarded at trial.

67. In making and publishing the False Statements, Defendant acted maliciously, willfully, wantonly, and unlawfully.

68. Defendant's actions were intentional, oppressive, and outrageous, and evidence a callous disregard for Plaintiff's rights.

69. Because Defendant's conduct was willful, Plaintiff is entitled to recover its reasonable attorneys' fees pursuant to N.C.G.S. § 75-16.1.

70. Defendant's violations of N.C.G.S. § 75-1.1 will continue unless Defendant is enjoined.

**WHEREFORE**, Plaintiff demands judgment against Defendant as follows:

A. For a preliminary and permanent injunction compelling Defendant to remove from the Internet all material pertaining to Plaintiff and its business;

B. For a preliminary and permanent injunction enjoining Defendant from publishing any false statements or defamatory material to any third party;

C. For general damages in excess of $75,000.00;

D. For special damages in excess of $75,000.00;

E. For treble the amount of actual damages proven and awarded at trial pursuant to N.C.G.S. § 75-16;

F. For punitive damages in an amount to be proven at trial;

G. For Plaintiff's costs herein incurred;

H. For an order requiring Defendants to account to Plaintiffs and disgorge all profits they have derived by reason of the unlawful acts complained above;

I. For Plaintiff's reasonable attorneys' fees incurred herein pursuant to N.C.G.S. § 75-16.1 ;

J.  For interest on the foregoing attorneys' fees and court costs at the statutory rate from the date of judgment until paid;

K.  For prejudgment and postjudgment interest on all damages at the highest rate allowed by law from the date of injury until paid in full; and

L.  For such other and further relief as the Court deems just and proper.

RESPECTFULLY SUBMITTED this 10th day of April, 2014

           **COZEN O'CONNOR**

By:  <u>s/T. David Higgins</u>
   T. David Higgins
   Svend H. Deal
   Cozen O'Connor
   Suite 2100, 301 South College Street,
   One Wells Fargo Center
   Charlotte, NC 28202
   *Attorneys for Plaintiffs*

And

Daniel R. Warner
Kelly / Warner, PLLC
8283 N. Hayden Rd. Suite 229
Scottsdale, AZ 85258
*Attorneys for Plaintiffs*